United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LEONEL AROSTEGUI,

    Plaintiff,

    v.

BANK OF AMERICA, et al.,

    Defendants.

_____/

No. C 13-6009 PJH

**ORDER GRANTING MOTION TO DISMISS**

    The motion of defendant Nationstar Mortgage, LLC ("Nationstar"), to dismiss the claims asserted against it came on for hearing before this court on March 12, 2014. Plaintiff appeared by his counsel Michael Yesk, and defendants Nationstar and Bank of America, N.A. appeared by their counsel Jessica T. Ehsanian. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS the motion.

## BACKGROUND

    In 2005, plaintiff Leonel Arostegui obtained two loans ("Loan One" and "Loan Two") from defendant Bank of America, N.A. ("BofA"). The loans were secured by promissory notes and deeds of trust on two pieces of real property located in Concord, California. Nationstar became the servicer for one or both of the loans in April 2013.

    Plaintiff alleges that in July 2012, he contacted BofA and "initiated negotiations for

loan modifications on both loans by requesting financial assistance and providing proof of income." Cplt ¶ 11.  He claims that in August 2012, BofA "confirmed that it was in the process of obtaining the documentation and information necessary to address [p]laintiff's request." Cplt ¶ 11.

Plaintiff asserts that on December 4, 2012, BofA sent plaintiff "collection correspondence accusing [p]laintiff of breaching the promissory agreement for Loans One and Two by failing to tender payment in an amount equal to or exceeding the required minimum installment with respect to three payments" (due in October and November 2011). Cplt ¶ 21.  Because plaintiff failed to make timely payments, some "Negative" information was allegedly reported by defendant Experian Information Solutions ("Experian") in March 2013.  Cplt ¶ 24.

However, plaintiff asserts, in March 2013, BofA indicated that it was still considering plaintiff's request for loan modification assistance as to at least Property Two.  On April 10, 2013, BofA provided notice that it was transferring the servicing of plaintiff's Loan Two to Nationstar.

Plaintiff asserts further that BofA "disclosed" that it "would accept partial payments at its deposit of [p]laintiff's funds, and [p]laintiff has never been informed by [BofA] that it would not accept partial payments until such time as [BofA] returned certain funds to [p]laintiff, and failed to apply these to [p]laintiff's accounts as required, violating the Truth-in-Lending Act 15 U.S.C. § 1601."  Cplt ¶ 12.

Plaintiff concedes that he made only partial payments to BofA for Loans One and Two in October and November 2013.  Cplt ¶¶ 13-18.  He does not allege, however, that BofA accepted these partial payments, or that he had any written agreement with BofA pursuant to which it agreed to accept partial payments.  Rather, he asserts that BofA returned the partial payments and demanded full payment.  Cplt ¶¶ 14, 16, 19-22.

Plaintiff filed the complaint in this action on December 31, 2013, asserting four causes of action – (1) a claim under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, against BofA and Nationstar; (2) a claim for violation of the Fair Credit Reporting Act

("FCRA"), 15 U.S.C. § 1681, et seq., against BofA, Nationstar, and Experian; (3) a claim for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., against BofA and Nationstar; and (4) a claim for an accounting, against BofA and Nationstar.  Nationstar now seeks an order dismissing the four claims asserted against it.

**DISCUSSION**

A.   Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  Review is limited to the contents of the complaint. Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995).  To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007).

However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).  The allegations in the complaint "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations/quotations omitted).  A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. See id. at 558-59.

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." Iqbal, 556 U.S. at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id. at 679. In the event dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment. See Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

Finally, although the court generally may not consider material outside the pleadings when resolving a motion to dismiss for failure to state a claim, the court may consider matters that are properly the subject of judicial notice. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986). Additionally, the court may consider exhibits attached to the complaint, see Hal Roach Studios, Inc. V. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989), as well as documents referenced extensively in the complaint and documents that form the basis of a the plaintiff's claims. See No. 84 Employer–Teamster Joint Counsel Pension Trust Fund v. America West Holding Corp., 320 F.3d 920, 925 n.2 (9th Cir. 2003).

B.  Nationstar's Motion

Nationstar argues that all four causes of action asserted against it should be dismissed for failure to state a claim.

   1.  TILA claim

In the TILA cause of action, plaintiff alleges that BofA and "Nationstar as successor in interest violated TILA by failing to provide [p]laintiff with the accurate material disclosures required under TILA." Cplt ¶ 29. Plaintiff asserts further that "[d]efendants similarly violated 15 U.S.C. § 1641(g), titled 'Liability of Assignee,' . . . because they failed to notify [p]laintiff of the transfer of the beneficial interest in the Deed of Trust within the required 30 days." Cplt ¶¶ 30-31

Nationstar argues that the TILA cause of action fails to state a claim against it because TILA imposes obligations on creditors/lenders, but Nationstar is a mere loan

4

servicer which under TILA cannot be "treated as an assignee of such obligation . . . unless the servicer is or was the owner of the obligation" (quoting 15 U.S.C. § 1602(f)).

Nationstar notes that plaintiff does not allege that Loans One or Two were transferred to Nationstar, just that it acquired servicing rights to the loans.  Thus, Nationstar argues, plaintiff has not pled facts showing successor liability as to Nationstar, and moreover, has failed to establish that Nationstar should have notified him of a nonexistent transfer of the beneficial interest in Loans One and Two.

In opposition, plaintiff argues that Nationstar has "misstate[d]" the allegations of the complaint as well as the law.  He notes that the complaint alleges that Nationstar is liable under TILA, and as an assignee of the original creditor.  He claims that because he alleges in the complaint at ¶ 29 that Nationstar is "successor in interest" to BofA, that is sufficient to state a claim.

In the alternative, he asserts that if the court finds the allegations insufficient, he can amend the complaint (though he does not explain what form the amendment would take). Plaintiff also contends that he does not yet have all the facts at his disposal because there has been no discovery.

The motion is GRANTED.  Under TILA, a loan servicer, such as Nationstar, "shall not be treated as an assignee" of a loan obligation, unless it "is or was the owner of the obligation." 15 U.S.C. § 1641(f)(1).  In the complaint, plaintiff alleges that Nationstar is an "assignee."  However, there are no facts alleged showing that Nationstar was the "owner" of the loan, and indeed, the documents attached to the complaint show BofA as the lender, even after the servicing rights were transferred to Nationstar.  While TILA does provide that assignees of a loan may be liable for TILA violations, "loan servicers are not liable under TILA as assignees unless the loan servicer owned the loan obligation at some point." Marks v. Ocwen Loan Servicing, 2008 WL 344210 (N.D. Cal. Feb.6, 2008).

In other words, it is a servicer's acquisition of ownership of the loan through "an assignment of the obligation from the creditor or another assignee," 15 U.S.C. § 1641(f)(2), that transforms the servicer from an entity with no liability under § 1641(f)(2) to one that can

5

be held liable. See also Consumer Solutions REO, LLC v. Hillery, 2010 WL 144988, at *3 (N.D. Cal. 2010) ("TILA allows for a suit against a creditor or an assignee but not a servicer"). Here, there are no such facts alleged, and the documents attached to the complaint show otherwise.

    2.    Fair Credit Reporting Act claim

In the Fair Credit Reporting Act claim, plaintiff alleges that BofA and Nationstar reported "derogatory information about [p]laintiff to one or more consumer reporting agencies (credit bureaus) such as [d]efendant Experian." Cplt ¶ 45. Plaintiff asserts that he disputed this derogatory information by contacting Experian in March, May, and July 2013, and has attached copies of at least some of this correspondence to the complaint as Exh. H. Cplt ¶ 46. However, the attached correspondence to Experian is dated March 2013, and does not mention Nationstar, just BofA.

In any event, plaintiff contends that both BofA and Nationstar "were informed of the dispute," but have not responded to [p]laintiff's letter(s) of dispute, or any investigation by Experian," and "have not provided notice of this disputed matter to the credit bureaus and are therefore in violation of 15 U.S.C. § 1681s-2 which requires this notice." Cplt ¶¶ 47-48.

Nationstar argues that this cause of action fails to state a claim because plaintiff does not plead any facts showing that BofA or Nationstar provided any <u>inaccurate</u> information to Experian or to any other credit reporting agency, and indeed, concedes that in October and November 2012 he made partial loan payments to BofA for Loans One and Two, and that BofA returned these partial payments. See Cplt ¶¶ 13-22.

Thus, Nationstar asserts, plaintiff has not pled, and cannot plead, that there was any "satisfaction" via the partial loan payments to BofA. Nationstar argues that under Civil Code § 1524, "[p]art performance of an obligation, either before or after a breach thereof, when expressly accepted by the creditor in writing, . . . extinguishes the obligation."[1]

---

[1] Section 1524 appears within the chapter entitled "Accord and Satisfaction." Under the statutory definitions, an accord is "an agreement to accept, in extinction of an obligation, something different from or less than that to which the person agreeing to accept it is entitled." Cal. Civ. Code § 1521. An accord "does not extinguish the obligation until it is fully executed."

6

1  However, Nationstar argues, mere deposit of plaintiff's partial payments by BofA into a
2  suspense account in the hope that plaintiff would complete performance, as vaguely
3  alluded to in ¶ 12 of the complaint, is not sufficient to invoke "satisfaction" in this case.

4  Further, Nationstar argues, plaintiff fails to plead any facts showing a violation of 15
5  U.S.C. § 1681s-2 by Nationstar.  Under that section, furnishers of credit information have a
6  duty to provide accurate information to a credit reporting agency.  See 15 U.S.C. § 1681s-
7  2(a); Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1154 (9th Cir. 2009).  However,
8  these duties are enforceable only by federal and state agencies.  See id.; see also Nelson v.
9  Chase Manhattan Mortg. Corp., 282 F.3d 1057, 1059-60 (9th Cir. 2002); 15 U.S.C. §
10 1681s–2(d) (duties created under § 1681s-2(a) are enforced exclusively by the Federal
11 agencies and officials and State officials).

12 An individual may bring a private cause of action under 15 U.S.C. § 1681s-2(b) only
13 where the furnisher is given notice from a credit reporting agency of a dispute and fails to
14 investigate within specified time limits.  See Nelson, 282 F.3d at 1060.  In addition,
15 however, "[i]t is only after (1) a consumer has notified a credit reporting agency of an
16 inaccuracy, (2) the agency has notified the furnisher, and (3) the furnisher has failed to take
17 action, that a consumer may sue the furnisher."  See Diana I Am v. Nat'l City Mortg. Co.,
18 2010 WL 571936, at *10 (D. Haw. Feb. 17, 2010) (citing 15 U.S.C. §§ 1681n & o); see
19 also Gorman, 584 F.3d at 1153-54.

20 Here, Nationstar argues, this claim fails as to Nationstar because plaintiff has not
21 alleged facts showing that he first notified Experian of a dispute regarding the allegedly
22 derogatory credit terms, that Experian then notified Nationstar, and that Nationstar then
23 failed to take action.  In particular, Nationstar notes, given that plaintiff's communication to
24 Experian occurred in March 2013, which was before the transfer of the servicing of Loans
25 One and Two to Nationstar, it would be irrational to conclude that Experian notified
26 Nationstar of plaintiff's dispute.  Rather, the reasonable inference (if any) would be that

---

28 Cal. Civ. Code § 1522.  "Acceptance, by the creditor, or the consideration of an accord extinguishes the obligation, and is called satisfaction."  Cal. Civ. Code § 1523.

7

Experian notified BofA of plaintiff's dispute.

In opposition, plaintiff disputes that the complaint does not plead that Nationstar provided any inaccurate information to Experian. He points to the allegation in the complaint that BofA "and Nationstar are reporting derogatory information about [p]laintiff to one or more consumer reporting agencies (credit bureaus) such as [d]efendant Experian." Cplt ¶ 45. Plaintiff claims that this allegation, taken together with "the other allegations of the Complaint" is sufficient to state a claim that Nationstar reported derogatory information." He asserts that he disputed the accuracy of the allegedly derogatory information in his March 14, 2013 letter to Experian (which the court notes is dated before the transfer of servicing rights to Nationstar).

As for Nationstar's argument that the complaint fails to allege that Experian notified Nationstar of plaintiff's dispute, plaintiff responds that the complaint alleges that Experian and "all [d]efendants" failed in their investigation. In support, plaintiff cites Cplt ¶ 50, which alleges that "[d]efendants have failed to complete an investigation of [p]laintiff's written dispute and provide the results of an investigation to [p]laintiff within the 30 day period, by April 30, 2013 as required by 15 U.S.C. § 1681s-2."

The motion is GRANTED. The complaint alleges no facts sufficient to support the required elements of the claim – in particular, that plaintiff notified Experian of a dispute with Nationstar, and that Experian <u>then</u> notified Nationstar, which in turn failed to take action. Moreover, it is clear that even if plaintiff failed to make a full, contractually-obligated monthly loan payment to BofA, then BofA or Nationstar or any other servicer would be justified in reporting this information to a credit reporting agency, as it would be both fair and accurate. As indicated above, plaintiff alleges in the complaint that he made only partial payments to BofA in October and November 2012, and that BofA returned those payments and demanded the full payments. He does not, however, allege that he had any written agreement with BofA allowing him to make partial loan payments.

3. Fair Debt Collection Practices Act claim

In the FDCPA claim, plaintiff alleges that "[d]efendants" are debt collectors within the

8

meaning of the FDCPA; and that BofA and Nationstar violated the FDCPA because they "regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Cplt ¶¶ 34-35. Plaintiff asserts further that defendants "hold themselves out to have interests in" plaintiff's loan and deed of trust, but "there was no proper notice of the transfer of servicing rights to Nationstar as to either Loan One or Loan Two, therefore Nationstar cannot be the true servicer with any claim of right to [p]laintiff's loans and neither [BofA], nor any of its agents could validly service the loans after the closing of the acquisition by Nationstar of mortgage servicing assets from Bank of America on or before February 4, 2013 . . . ." See Cplt ¶ 55. Ultimately, plaintiff asserts that "[d]efendants are debt collectors within the meaning of the FDCPA because of the subsequent transfer to Nationstar." Id.

Plaintiff also alleges that "[d]efendants failed to state on any of their correspondence that "[t]his is an attempt to collect a debt" and "[a]ny information will be used for that purpose," and failed to provide any of the other information required to be in a debt validation notice. Cplt ¶¶ 57-60. Because of this, plaintiff asserts, "[d]efendants violated the FDCPA and clouded title to [p]laintiffs' [sic] property and subsequently caused [p]laintiffs [sic] to lose title to his home." Cplt ¶ 61; see also Cplt ¶¶ 62-65.

Nationstar argues that this cause of action fails to state a claim because the complaint pleads no facts showing that Nationstar is a "debt collector" collecting a "debt." First, Nationstar contends that it is well-settled that the FDCPA's definition of "debt collector" does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt.

Second, Nationstar argues that plaintiff has failed to allege any facts showing that Nationstar was "collecting a debt" under the FDCPA. Nationstar asserts that the FDCPA does not apply to creditors, nor to those who offer loan modifications; and that to the extent that plaintiff alludes to any non-judicial foreclosure proceedings pursuant to the deed of trust, federal courts have consistently determined that foreclosing on a property pursuant to a deed of trust is not "collection of a debt" within the meaning of the FDCPA.

1    In opposition, plaintiff argues that the complaint <u>does</u> allege that Nationstar is a debt
2 collector, and asserts that servicers acquiring a loan after it is in default become debt
3 collectors subject to the FDCPA.

4    The motion is GRANTED.  The FDCPA "prohibits debt collector[s] from making false
5 or misleading representations and from engaging in various abusive and unfair practices."
6 <u>Heintz v. Jenkins</u>, 14 U.S. 291, 292 (1995).  To be liable for an FDCPA violation,
7 a defendant must, as a threshold matter, be a "debt collector" within the meaning of the Act.
8 <u>Id.</u> at 294.

9    Under the FDCPA, a debt collector is "any person who uses any instrumentality of
10 interstate commerce or the mails in any business the principal purpose of which is the
11 collection of any debts," and any person "who regularly collects or attempts to collect,
12 directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C.
13 § 1692a(6).

14    Excluded from the definition of debt collector is "any person collecting or attempting
15 to collect any debt owed or asserted to be owed or due another to the extent such activity
16 . . . (iii) concerns a debt which was not in default at the time it was obtained."  <u>See</u> 15
17 U.S.C. § 1692a(6)(F).  Similarly, a creditor is "any person who offers or extends credit
18 creating a debt or to whom a debt is owed, but such term does not include any person to
19 the extent that he receives an assignment or transfer of a debt in default solely for the
20 purpose of facilitating collection of such debt for another."  15 U.S.C. § 1692a(4).

21    Thus, because the prohibitions in the FDCPA apply only to "debt collectors," the
22 FDCPA cause of action asserted against Nationstar must be dismissed unless the
23 complaint pleads "factual content that allows the court to draw the reasonable inference"
24 that Nationstar is a debt collector.  <u>See</u> <u>Schlegel v. Wells Fargo Bank, NA</u>, 720 F.3d 1204,
25 1208-09 (9th Cir. 2013).

26    Here, the complaint provides no factual basis from which the court could plausibly
27 infer that the principal purpose of Nationstar's business is debt collection.  Nationstar, as a
28 loan servicer, is not a "debt collector" and the servicing of plaintiff's loan is not "debt

10

collection." See, e.g., Lal v. American Home Servicing, Inc., 680 F.Supp. 2d 1218, 1224 (E.D. Cal. 2010); Hepler v. Washington Mut. Bank. F.A., 2009 WL 1045470 at *4 (C.D. Cal. Apr. 17, 2009). The FDCPA does not apply to creditors, nor to those who offer loan modifications, as such activity is "more debt servicing than debt collection." Schlegel v. Wells Fargo Bank, N.A., 799 F.Supp. 2d 1100, 1104-06 (N.D. Cal. 2011).

Moreover, to the extent that the complaint can be construed as alluding to any non-judicial foreclosure proceedings pursuant to the deed of trust, foreclosing on a property pursuant to a deed of trust is not "collection of a debt" within the meaning of the FDCPA. See Izenberg v. ETS Servs., LLC, 589 F.Supp. 2d 1193, 1199 (C.D. Cal. 2008); Hulse v. Ocwen Fed. Bank, FSB, 195 F.Supp. 2d 1188, 1204 (D. Or. 2002).

Finally, there are no facts alleged in the complaint showing that the loan was in default at the time that Nationstar acquired servicing rights, see 15 U.S.C. § 1692a(6)(F), or, more importantly, that Nationstar acquired servicing rights "solely for the purpose of facilitating collection of" plaintiff's loans. See 15 U.S.C. § 1692a(4). Nor, are there any allegations that Nationstar ever obtained a beneficial interest in the loan, or that Nationstar attempted to collect on a debt, or sent plaintiff any correspondence that was required to include a debt validation notice.

4. Claim for accounting

Plaintiff alleges that beginning in October 2012, BofA and Nationstar received at least four partial payments that were held in an escrow account but not applied as required by TILA, and that defendants wrongfully assessed fees and charges to plaintiff's account, wrongfully refused to credit plaintiff's account, wrongfully returned payments that should have been applied to plaintiff's accounts, and miscalculated the amounts of the loan payments. Plaintiff asserts that the only way he can ascertain how much money defendants owe him is through an accounting.

Nationstar argues that the fourth cause of action fails to state a claim because plaintiff fails to plead the existence of any fiduciary relationship between himself and Nationstar. Nationstar states the elements of the claim as requiring a fiduciary relationship

11

between the parties, or a balance due from the defendant to the plaintiff that is so complicated that an ordinary legal action demanding a fixed sum is impracticable. Nationstar contends that the accounting claim must be dismissed because there is normally no fiduciary relationship between a lender and a borrower in California, and none is alleged here; and because plaintiff alleges no balance due from Nationstar to plaintiff, let alone one so complicated that the amount at issue cannot be reasonably ascertained.

Plaintiff does not oppose the motion as to this cause of action. At the hearing, plaintiff's counsel stated that he had no idea why the opposition brief did not address this cause of action.

An accounting "may be sought where the accounts are so complicated that an ordinary legal action demanding a fixed sum is impracticable." Civic Western Corp. v. Zila Industries, Inc., 66 Cal. App. 3d 1, 14 (1977). The right to an accounting is derivative of other claims. Janis v. California State Lottery Com., 68 Cal. App. 4th 824, 833-34 (1998). To state a claim for an accounting, a plaintiff must allege a relationship that requires an accounting and a balance due from the defendant to the plaintiff that can only be ascertained by an accounting. Teselle v. McLoughlin, 173 Cal. App. 4th 156, 179 (2009).

Although there are cases that list "existence of fiduciary duty" as an element of a claim for an accounting, the general rule appears to be that it is not strictly necessary under California law that there be evidence of some fiduciary duty owed to the plaintiff, so long as there is some relationship that requires an accounting due to the possession by the defendant of money or property which the defendant is obliged to surrender. See EMC Corp. v. Sha, 2013 WL 4399025 at *6-7 * (N.D. Cal. Aug. 13, 2013) (citing Teselle, 173 Cal. App. 3d at 179-80).

Here, however, there are no facts pled showing any relationship that requires an accounting, and, moreover, no facts showing an amount owed that requires an accounting or that cannot be determined in the absence of an accounting. Accordingly, the court finds that the motion must be GRANTED, both because it is unopposed, and because plaintiff has pled no facts providing a basis for an accounting.

12

**CONCLUSION**

In accordance with the foregoing, the court finds that the TILA, FCRA, FDCPA, and accounting claims must be dismissed as to Nationstar. Because the court finds based on the documents attached to plaintiff's complaint that amendment would be futile, the dismissal of Nationstar is WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: March 21, 2014

PHYLLIS J. HAMILTON
United States District Judge